DECLARATION

This declaration is submitted in support of a complaint for forfeiture of $131,558.00 in United States (U.S.) currency, and for forfeiture of 8 gold in color bars, 26 silver in color bars, and jewelry consisting of: three gold in color necklaces and two pair of gold in color earrings.

I, Jeremy K. Copland, United States Postal Inspector, submit there are sufficient facts to support a reasonable belief that the $131,558.00 in U.S. currency, the eight gold in color, 26 silver in color bars, and jewelry consisting of; three gold in color necklaces, two pair of gold in color earrings, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. I am a Postal Inspector with the United States Postal Inspection Service and have been employed since July 2013. The training covered various aspects of federal law enforcement, including the investigation of narcotic related offenses. I have received instruction on conducting the investigations involving possession with intent to distribute and distribution of controlled dangerous substances. I have also participated in several controlled deliveries and search warrants which have resulted in criminal arrests.

b. Postal Inspectors have noticed a significant use of the mail to transport drugs and the payment for drugs to and from the Baltimore/Washington Area, from the known drug source areas. Past experience and drug trafficking intelligence have demonstrated that Express Mail, Priority Mail services, and First Class Mail are frequently used by drug dealers for shipping of

controlled substances including, but not limited to, cocaine, heroin, and marijuana. Use of these services is favored because of the reliability, speed and low cost, as well as the perceived minimal chance of detection of drugs being shipped in this manner.

c. On May 14, 2014, the Post Office received a package addressed to P.O. Box 202, Savage, Maryland 20763 that was damaged in shipping revealing that it contained a green leafy plantlike substance.

d. A field test of the substance was performed which tested positive for marijuana.

e. Postal Inspectors learned several packages were shipped to P.O. Box 701, Savage, Maryland 20763, a check of P.O. Box 701 revealed it was opened in 2008 in the name of Aisha Habibi, the wife of Shaad Habibi.

f. The quantity of the marijuana, the manner in which it was packaged, and the number of packages, (seven) indicated that Shaad Habibi intended to distribute the marijuana.

g. On May 15, 2014, surveillance was set up at the Savage, Maryland Post Office. At approximately 12:15 pm Shaad Habibi was observed arriving at the Post Office. Shaad Habibi took possession of the seven Priority mail boxes. Shaad Habibi was observed exiting the post office with the seven Priority Mail Express boxes. Habibi was arrested as he placed the boxes in the rear of his vehicle.

h. Habibi was interviewed at the Howard County Detention Center, in which he stated he was picking up the marijuana for someone else.

i. Habibi stated he would pick up the marijuana, transport it to another location, and drop it off to an unknown subject.

j. When pressed about how much each box contained, Habibi was adamant that the boxes contained less than five pounds. Investigators felt that based upon that statement Habibi was doing more than picking up and transporting the boxes to other distributors.

k. On May 15, 2014, a search and seizure warrant was executed at the residence of Shaad Habibi located at 617 Deer Head Court, Silver Spring, Maryland, 20904. The following items were recovered by law enforcement from the residence:

    i. Bank account statements for checking accounts at PNC Bank, TD Bank, Bank of America and Wachovia Bank;

    ii. $81,558.00 in U.S. currency;

    iii. Multiple pounds of marijuana; and

    iv. Two handguns.

l. Aisha Habibi was present during the search, Investigators found Aisha Habibi in control of counter surveillance equipment and had access to the residence in which money, guns and drugs were located.

m. On May 20, 2014, a wage and employment inquiry was made and no earnings were shown for Shaad Habibi since the second quarter of 2013.

n. On June 3, 2014, a wage and employment inquiry was made and no earnings were shown for Aisha Khalid Habibi since the fourth quarter of 2009.

o. On May 29, 2014, a search and seizure warrant for safe-deposit box # 00202 was executed at the Bank of America located at 13311 New Hampshire Avenue, Silver Spring, Maryland 20904. Law enforcement recovered the following items during the search:

    i. $50,000.00 in U.S. currency;

    ii. Eight gold bars;

    iii.      26 silver bars; and

    iv.      Jewelry consisting of; three gold in color necklaces, two pair of gold in color earrings.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE US POSTAL INSPECTION SERVICE, IN REFERENCE TO THE SEIZURE OF $131,558.00 IN UNITED STATES CURRENCY, AND 8 GOLD IN COLOR BARS AND 26 SILVER IN COLOR BARS, AND JEWELRY CONSISTING OF; THREE GOLD IN COLOR NECKLACES, TWO PAIR OF GOLD IN COLOR EARRINGS. FROM SHAAD AND AISHA HABIBI ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
/Jeremy K Copeland
Postal Inspector
U.S. Postal Inspection Service